AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP 2 3 2019
DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

In the Matter of the Use of a Cell )
Site Simulator to Locate the Cellular )
Device Assigned Call Number ) Case No. 6:19-cm-22
501-690-9571 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Western____ District of ____Arkansas____ *(identify the person or describe property to be searched and give its location):* See "Attachment A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See "Attachment B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. § __3583(d),922g__, and the application is based on these facts: SEE ATTACHMENT "C"

☒ Continued on the attached sheet.

☒ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Kevin Jarrell, DUSM
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 23, 2019

_____
Judge's signature

City and state: Texarkana, Arkansas

Barry A. Bryant, U.S. Magistrate Judge
*Printed name and title*

## **ATTACHMENT C**

See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the USMS. *See* 18 U.S.C. §§ 3122(b), 3123(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER **501-690-9571** | Case No. 6:19-CM-22<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Deputy United States Marshal Kevin W. Jarrell, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (501) 690-9571, (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Deputy United States Marshal (DUSM) with the U.S. Marshal's Service, (USMS), currently assigned to the Texarkana Division of the Western District of Arkansas. I have been employed with the USMS since August 2014. As part of my daily duties as a deputy U.S. Marshal, I have both led and assisted in conducting many fugitive investigations. I have received training in the area of criminal investigations and fugitive apprehension.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the Target Cellular Device's owner is known to spend most of his time in this district due to friends and family being there. The telephone number area code associated with the Target Cellular Device corresponds to this district. Cell-site data obtained for the Target Cellular Device indicated that it was in this district the majority of the time. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Christopher Fugate has violated Title 18 U.S.C. §§ 3583(d). Christopher Fugate was charged with these crimes on August 23, 2019 and is the subject of an arrest warrant issued on September 5, 2019. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Christopher Fugate, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18

U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

On September 10, 2019 Affiant obtained information from a confidential source (CS) that Christopher Fugate was using the Target Device (501) 690-9571 as his own personal device, and would be in possession of the Target Device. The CS has provided credible information to law enforcement on prior occasions. On September 16, 2019 a Search Warrant was obtained in the Western District of Arkansas, and later served on the service provider. Pursuant to the Search Warrant, call records were obtained and showed contacts being made from the Target Device to other devices belonging to known associates of Christopher Fugate. Due to these facts the Affiant believes there is probable cause that Christopher Fugate is in possession of the Target Device, and therefor there is probable cause to show that monitoring the cellular devices location will lead to locating Christopher Fugate.

## MANNER OF EXECUTION

7. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

8. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device.

Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

9. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

10. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

11.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

12.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

13.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

14.     A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Kevin W. Jarrell
Deputy United States Marshal
United States Marshals Service

Subscribed and sworn to before me
On: September 23, 2019

BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (501) 690-9571, whose wireless provider is VERIZON WIRELESS, and whose listed subscriber is unknown.

## **ATTACHMENT B**

Pursuant to an investigation of Christopher Fugate for a violation of Title 18 U.S.C. §§ 3583(d),Supervised Release Violation, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).